IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:18-MJ-445-TCB |
| REBWAR EBRAHIMI, | ) | |
|    a/k/a "Jefferey Benter," | ) | The Honorable Theresa C. Buchanan |
|    a/k/a "Jefferey A. Benter," | ) | |
|    a/k/a "Jefferey Ronnie Benter," | ) | Hearing Date: October 19, 2018 |
|    a/k/a "Ronnie Omari," | ) | |
|    a/k/a "Rebvar Ebrahim," | ) | |
| | ) | |
|    Defendant. | ) | |

**GOVERNMENT'S POSITION ON
DEFENDANT'S MOTION FOR RECONSIDERATION OF DETENTION**

The United States of America submits this memorandum in response to the motion for reconsideration of detention for the defendant, REBWAR EBRAHIMI. In his motion, the defendant failed to establish any change of circumstance that warrants reopening the detention hearing, pursuant to Title 18, United States Code, Section 3142(f), much less releasing him from detention. ECF No. 15. The third party custodian who is now being offered, Cindy Ebrahimi, was known of at the time of the initial detention hearing and personally informed Pretrial Services that she did not want to act in that capacity. Since the detention hearing, the now-proffered third party custodian has received a battery of calls from the defendant and at least one other family member insisting that she accept the responsibility. Additionally, no one in Ms. Ebrahimi's household has reported an income in over a year, so it unclear how her residence is paid for and how she will be able to house and support the defendant, who has no source of income, no financial resources, and no residence. Ms. Ebrahimi and her spouse have been

evicted from rental properties in the northern Virginia area on a number of occasions in the past few years, most recently in February 2017, and court records indicate Ms. Ebrahimi and her spouse owe or owed over $28,000 in unpaid rent. In addition to no appropriate third party custodian, the defendant still poses a serious flight risk. The defendant has the means of creating both physical and electronic versions of official United States identity documents, has close family members residing abroad, and is facing both state and federal charges. The defendant also appears to have lied to Pretrial Services in response to a number of questions, including his employment, salary, and residence. For these reasons and others set forth below, the government requests that this Court, pursuant to Title 18, United States Code, Section 3142(e), deny the present motion and continue to detain the defendant.

**I.     Background**

On September 18, 2018, the defendant was arrested for aggravated identity theft and misuse of a Social Security Number, following a separate arrest by the Arlington County Police Department, for prescription fraud and filing a false police report. On September 19, 2018, the defendant made his initial appearance and was detained pending his preliminary and detention hearing. On September 21, 2018, the defendant, accompanied by his counsel, Maria Jacob, appeared before the Honorable Theresa C. Buchanan for a joint preliminary and detention hearing. The preliminary hearing was waived. Regarding detention, the government proffered a number of doctored identity documents to the Court, including a U.S. Social Security Card, a U.S. Passport, and a Virginia driving permit, that the defendant has used in various capacities, including leasing luxury apartments and cars and opening bank and credit card accounts. Evidence that the doctored Social Security Card was a real, physical, doctored document was also provided. The government proffered other evidence regarding the 18 U.S.C. § 3142(f)

factors, including facts about the defendant's lack of employment, income, and financial resources, the defendant's practice of obtaining his residences in the previous two to four years by fraud, and his extensive history of failure to appear in traffic and civil proceedings. Significantly, the government also proffered evidence about a 2016 charge in Fairfax County for using a false identity to lease luxury apartments, to which the defendant pleaded guilty. Immediately following that conviction, the defendant continued to use false identities to lease luxury apartments, to open bank accounts and credit cards, and to attempt to lease a Mercedes Benz. Subsequent to the evidence and arguments made by both defense counsel and the government, the Court found that, due to the defendant's ability to credibly alter official identity documents, he posed a flight risk and that no condition or combination of conditions would reasonably assure the defendant's appearance as required. As such, the court ordered the defendant be detained pending trial. ECF No. 13.

## II.     Legal Standard and Recommendation

Pursuant to Title 18, United States Code, Section 3142(f), upon the arrest of a defendant, the court shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of the statute will reasonably assure the appearance of such a person as required and the safety of any other person and the community. 18 U.S.C. § 3142(f). If following that hearing, the court finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the court shall order the detention of the person before trial. 18 U.S.C. §3142(e). To impose detention, it is sufficient for a court to find either that the defendant poses a flight risk or that there is a concern regarding the safety of others or the community. *United States v. Stewart*, 19 F. App'x 46, 47 (4th Cir. 2001). Finding both are not required to detain. "With

regard to the risk of flight as a basis for detention, the government must prove by a preponderance that no condition or combination of conditions will reasonably assure the defendant's presence at future court proceedings[,]" while a clear and convincing standard is required to detain based on safety concerns. *Id.* at 48-49. The hearing may be reopened any time before trial if the court finds that information exists not known to the movant at the time of the hearing and that has material bearing on whether conditions of release exist that will reasonably assure the appearance of such person as required and the safety of any other person and the community. 18 U.S.C. §3142(f).

At the detention hearing, the main issue that concerned the court was the defendant's ability to create both physical and electronic versions of official identity documents, as it spoke directly to his ability to flee. As was alleged by the government and supported by substantial evidence, the defendant had the ability to take an authentic U.S. Social Security Card and physically and credibly alter it with a new identity and Social Security Number. The tools by which the defendant makes these changes have not been located and so, presumably, if the defendant is released, he may have access to them. The government also proffered evidence that the defendant also made alterations to a U.S. passport and a Virginia identity document. The defendant has provided no new information or change of circumstance that reduces or removes this glaring concern. The defendant has family abroad, no employment or financial resources, pending charges at both state and federal levels, and over $1 million of debt in his own name, as well as other debt associated with his aliases. There is overwhelming evidence that the defendant poses a flight risk and there are no new circumstances that change this conclusion.

That Cindy Ebrahimi is now being offered as a third party custodian does not change the calculus. Pretrial Services interview Ms. Ebrahimi prior to the initial detention hearing, at which

4

point she declined to take on the significant responsibilities of acting as a third party custodian, which, in this case, includes housing, feeding, supervising, and ensuring the defendant does not flee, appears in court, and is not a danger to the community.  Following the detention hearing, Ms. Ebrahimi received a battery of phone calls from the defendant and at least one other relative, insisting that she accept the responsibility.  Ms. Ebrahimi has finally agreed to accept the position, but it was not done without significant external familial pressure.  Ms. Ebrahimi, who has at least one child, does not work and her spouse has not reported any income or self-employment for over a year.  It is not clear how Ms. Ebrahimi's residence is being paid for and how she will be able to house and support the defendant.  Ms. Ebrahimi and her spouse owe or owed over $28,000 in unpaid rent on previous properties, including the most recent judgment that was issued in February 2017, for over $10,000 of unpaid rent.  The responsibilities of acting as a third party custodian are significant and serious, and must be taken on fully and voluntarily.  It is unclear that, without more information, Ms. Ebrahimi can provide and is willing to provide the stable room, board, and supervision that the defendant requires.

While the defendant does not suggest his parents should be reconsidered as third party custodians, the defendant does claim to be cleared of the allegation, made by his mother, that the defendant was the one who leased the current apartment for his parents.  ECF No. 15 at 3.  The defendant fails to support this claim.  Counsel to the defendant has represented that the name of the defendant's brother-in-law is on the application.  This is not entirely accurate.  The defendant's brother-in-law's name is John Jaffe, while the name on the application is spelled, by the applicant, four different ways: "Jack Jafe," "Jack Jaffey," "Jack Jaffe," and "Jack Jaffry."  The name Stephen Jaffey is also provided on the application, as one of the two the email address of the applicant ("mrstephenjaffe@icloud.com" and "mrjackjaffe@icloud.com").  The

5

apartment's building management was unable to obtain a credit score for the name, date of birth, and social security number provided.  The application required the applicant's current address to be provided, in addition to that address's manager's name and number.  On the application, the name "Rafia Omari" is provided as the manager of the current address.  The defendant's mother's name is Rabia Omari.  Between the defendant's mother's statement to Pretrial Services that the defendant obtained her apartment for her, irregularities on the application (the incorrect name, the multiple misspellings of the incorrect name, the reference to the mother as a building manager), and the defendant's prior practices, as alleged by the government, of using identities known to him on applications, sometimes with similar but different spellings of the true identity (*e.g.,* his alias "Rebvar Ebrahim"), it is still possible that the defendant was the one who fraudulently submitted the application.  An investigation is being conducted with regards to the application of the parent's residence.

Furthermore, as noted at the detention hearing, the defendant pleaded guilty in 2016 to using false identities to lease luxury apartments.  As the government charges, after the conviction, the defendant not only returned to executing the same illegal conduct, he sought to become more sophisticated in his tactics.  Instead of using iterations of his own name and Social Security Number, the defendant obtained the personal identifying information of a deceased minor, fraudulently changed his own name in Prince William County to match that of the deceased minor, and opened a number of bank accounts, credit cards, and an email address in the fraudulently obtained name, to corroborate his false identity.  He even provided this false identity to law enforcement.[1]  This behavior strongly suggests that the defendant feels little remorse for his actions, much less an inclination to change the course of his conduct, and, if released and

---

[1]     On May 22, 2018, Jefferey Benter received two traffic tickets in Fairfax County, which were marked for payment and are currently past due.

with no occupation, residence, or financial resources, may continue supporting himself through fraud and deceit.

If the Court determines that the defendant should be released from detention, there are a number of additional conditions that the government respectfully requests, to prevent the defendant from continuing to perpetrate fraud and from harming more victims in the community. The government would seek the following: that the defendant be placed on electronic monitoring with authorization to travel only within the Eastern District of Virginia and must receive express authorization from Pretrial Services when seeking to leave the district; that the Court issue an explicit ban on the defendant, including any known or unknown alias of the defendant, or any company or organization with which the defendant, including any known or unknown aliases of the defendant, controls in full or in part, from attempting to take out any loans or leases of any sort from any financial institution, company, dealership, organization, or individual; that the defendant be banned from using the Internet, computers, and smart phones, as the government alleges that the defendant perpetrates most his fraud by computer and on the Internet; that Pretrial Services has timely access to all financial statements associated with the defendant, both his individual statements and those relating to any companies or organizations fully or partially controlled by the defendant, including any of his known or unknown aliases; that the defendant not open any additional bank accounts or apply for any credit cards, in his true name or any other name; that the defendant refrain from using any mobile payment app or program, such as Square and Venmo, as the government contends that this is one of the primary ways the defendant has moved money he received under his aliases to his personal accounts; that Pretrial Services must be authorized to review all prescriptions that the defendant fills and that the defendant be banned from receiving any prescriptions not in his own name; that the defendant refrain from contacting

any known or unknown associates and friends related to any of his illegal activities; that the defendant turn over all official United States, individual state, or foreign identity documents, other than a driver's license in his true name, to the Court and that he not apply for, seek, or obtain any other official identity document from the United States, an individual state, or a foreign state, to prevent the defendant from the opportunity of doctoring an identity document; that the defendant not act as custodian or trustee for his parents or have any oversight of or control over their financial resources, as the government is aware of concerns that the defendant has embezzled substantial sums of money from his parents in such a position; and that, if determined necessary by Pretrial Services, the defendant will attend a substance abuse program and will submit to drug and alcohol testing.

## CONCLUSION

For the reasons stated above, the government respectfully requests that this Court deny the motion to revoke detention.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____/s/_____
Kaitlin E. Paulson
Special Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (202) 355-5705
Email: kaitlin.paulson@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of October, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

_____/s/_____
Kaitlin E. Paulson
Special Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (202) 355-5705
Email: kaitlin.paulson@usdoj.gov